Wright, J.
Without going into the evidence at length, it is apparent to us that Comstock .sold twenty-three thousand feet, more or less, of pine timber; that upon measurement being made, at Creighton’s mill, there were only about sixteen thousand feet delivered, and the court very properly said, that if there was such a deficiency as this a recovery might be had; that the words, “ more or less,” could not extend to so great a 'difference, though they might cover an unimportant variation. It also appeared, from the evidence, that Creighton gave a note to Comstock, for $5,000, in payment for the timber; that Comstock got the note discounted, and transferred it, before maturity, for a valuable consideration, to an innocent holder. Creighton, under these circumstances, paid' this note. The court very properly charged that such payment did not bar Creighton’s right to recover for the deficiency of timber.
The court also charged the jury, “ That if they found', from the evidence, that the plaintiff, after discovering the deficiency in the quantity of the timber in controversy, sawed and disposed of it and failed to bring suit on account of the deficiency for six months or more thereafter, and had failed to show that he made a claim or demand of, or gave notice to, Comstock on account of such deficiency *552 during that period, it may be considered as evidence of a ratification of the sale and a waiver of a claim for loss in quantity, and if you so find, the plaintiff would not be entitled to recover.” To which plaintiff then excepted.
This, we think, was calculated to' mislead.
The court did not, probably, mean to be understood as saying that a delay in bringing suit for six months was a waiver of the claim. Nor could they have meant that failing to give notice of the deficiency of the claim, for that length of time, was such waiver; and yet the jury, having their attention directed to the matter in this way, might have erroneously supposed such to be the law. The court say this might be “ considered as evidence of a waiver.” Doubtless there might be cases where, the issue being upon the question of waiver, delay in setting up a claim might properly be considered; but we find no such issue made in these pleadings. The answer does not make the slightest allusion to the subject, nor do we find in the record any evidence shoeing that the parties made this a material point. Certainly there is nothing to justify the assumption that any waiver had been made.
With regard to the second cause of action : This was to recover the $300 paid for the hemlock raft. Creighton paid to one Orr the amount; it appearing that Comstock was owing Orr, and was satisfied with this arrangement. It was, therefore, in fact, a payment to Comstock. This raft was to be at Comstock’s risk, and was lost by high water. Creighton had paid for it, and, in our judgment, was entitled to recover the money back; and upon what ground the jury proceeded, in ignoring the claim, we are unable to see. The answer to this second cause of action does not appear t‘o deny the allegations of the petition that Creighton bought, that the risk was Comstock’s, and that the raft was lost. The evidence sustains these allegations, and the right of recovery, to the extent of the sum paid.
It seems to be claimed, in argument, that this loss was in some way attributable to some negligence in Creighton, but this view is not sustained by the testimony.
*553 Judgment of District Court and Common Pleas reversed, and cause remanded.
Scott, Chief Judge, Day, Johnson, and Ashburn, concurred.